**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Roy WILLIAMS, Jr.,**
**Defendant–Appellant.**

**No. 89–1773.**

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 1, 1989.

Decided Jan. 23, 1990.

James L. Santelle, Stephen J. Liccione, Asst. U.S. Attys., Office of U.S. Atty., Milwaukee, Wis., for U.S.

Martin E. Kohler, Milwaukee, Wis., for Roy Williams, Jr.

Before BAUER, Chief Judge, EASTERBROOK and KANNE, Circuit Judges.

PER CURIAM.

Appointed counsel in this case seeks leave of the court to withdraw from representing defendant-appellant Roy Williams, Jr. because, "after carefully reviewing the record and researching the law," he determined that the appeal was meritless. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Although notified of his right to respond to the motion pursuant to Circuit Rule 51(a), Williams has failed to respond. We grant counsel's motion to withdraw but not on the basis of his *Anders* brief, which we find inadequate. Rather, we order counsel to show cause why sanctions should not be applied to him pursuant to Fed.R.App.P. 46(c).

## I.

Williams was a compliance officer with the Department of Labor's Wage and Hour Division located in Milwaukee, Wisconsin. He solicited and accepted a bribe from the owner of a small construction company, and in return decreased the amount of back pay owed by the businessman to his employees for overtime work. Williams went to trial on a superseding indictment charging him with one count of conspiracy to violate and two substantive counts of violating 18 U.S.C. §§ 2 and 201(b)(2)(A), which prohibits bribing a federal official in order to influence the performance of his duties. Judge Curran presided over a jury trial which lasted for six days in December 1988. The jury convicted Williams of one count of accepting a bribe.

Williams' trial attorney withdrew before sentencing, and present counsel was appointed. Judge Curran sentenced Williams to a two-year prison term and ordered restitution in the amount of $2,700 (the amount of the bribe) on April 7, 1989. Williams appealed on April 12, 1989.

This court ordered Williams' brief on appeal due on May 24, 1989. On April 21, 1989, counsel moved to withdraw as attorney on appeal, stating that he was "not in a position" to represent Williams on appeal. The motion was denied on April 25, 1989. Counsel did not brief the case, and on June 8, 1989, this court ordered counsel to show cause why disciplinary action should not be taken pursuant to Fed.R.App.P. 46(c) for failure to prosecute. On June 14, 1989, counsel moved the court for an extension of time in which to file his brief and a response to the order to show cause.

Counsel's response to the order to show cause was held in abeyance pending the filing of appellant's brief, which was by now due on July 12, 1989. However, on that date, counsel again filed a motion to withdraw without an *Anders* brief, contrary to Circuit Rule 51(a). He received a two-week extension of time in which to file the motion and *Anders* brief complying with Circuit Rule 51(a), and refiled the instant motion to withdraw and *Anders* brief on July 27, 1989.

Without the district court record or transcripts of the trial filed with this court, we could not review the case to determine whether the appeal was indeed frivolous. After obtaining the record and trial transcripts from the district court, it was discovered that only three days of Williams' six-day trial had been transcribed.[1] Further contact with the district court revealed

---

1. The transcriptions ended in the middle of the government's case and did not include, for example, the defense put on by Williams' attorney or the jury instructions. Ineffective assistance of trial counsel and improper jury instructions can be legitimate issues on appeal.

that counsel had not requested transcription of the trial.[2]

Given that counsel did not have the entire record before him, he could not have conducted "a conscientious examination" of Williams' case. *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400. The Supreme Court recently emphasized the role of (state) appellate courts reviewing a motion to withdraw under *Anders:*

> [F]irst, it must satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal. Second, it must conclude whether counsel correctly concluded that the appeal is frivolous.

*McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 108 S.Ct. 1895, 1903, 100 L.Ed.2d 440 (1988). We conduct the same review.

Counsel obviously did not examine the record thoroughly and diligently since he never requested or possessed a complete transcription of the trial. Rather, counsel used boilerplate language from *Anders*, and *United States v. Edwards*, 777 F.2d 364 (7th Cir.1985) (per curiam), the cases this court cited in its order explaining why counsel's second motion to withdraw could not be accepted, and requiring him to file an *Anders* brief. Not only did counsel fail to read the entire record, but he affirmatively stated:

> The transcripts indicate that the defendant received a fair trial and was afforded due process. There is no error made by the trial court in its rulings which would have affected the substantial rights of Mr. Williams. Therefore, *there is nothing in the record* that might arguably support an appeal.

We are quite disturbed by this representation.

In *El–Gharabli v. I.N.S.*, 796 F.2d 935 (7th Cir.1986) (per curiam), this court sanctioned an attorney under Fed.R.App.P. 46(c) because counsel's response to the "serious charge that he has deliberately misled the court regarding the nature of the case" was "totally inadequate." 796 F.2d at 940.[3] Counsel in the instant appeal similarly misled this court by averring that he had combed the transcripts when the trial had not been completely transcribed. Moreover, if he had read the transcribed portions, counsel would have noticed that they ended during the prosecution's presentation of its case. Since two common appellate issues in criminal trials are ineffective assistance of trial counsel and improper jury instructions, the lack of transcripts for these portions of the trial is appalling. Because counsel misled this court as to his perusal of the record and incorrectly affirmed that "nothing" in it supports an appeal, sanctions against counsel under our supervisory powers in criminal cases are appropriate. *See, e.g., United States v. Bush*, 797 F.2d 536, 537 (7th Cir.1986) (per curiam); *United States v. Flowers*, 789 F.2d 569 (7th Cir.1986) (per curiam); *Edwards*, 777 F.2d at 365.

## II.

Pursuant to Fed.R.App.P. 46(c), we order counsel to show cause why disciplinary action in this case should not be taken for the submission of a misleading *Anders* brief and failure to prosecute the case. Counsel's motion for withdrawal, however, is granted, and we will appoint a *diligent* lawyer for Williams.

---

2. The employees who received less back pay than they should have sued Williams and their employer in Wisconsin civil court. Apparently, an attorney for either Williams or the employees in this state case requested portions of the federal criminal trial to be transcribed for use in the state proceedings. These were the only transcriptions made, and were the basis of counsel's "careful" review of the record.

3. Counsel stated in a motion for an extension of time in which to file his appellate brief that the complexities of the case required extensive research. Counsel submitted an appellate brief with two pages of argument and two case citations. When ordered to show cause, counsel vaguely stated that he had been involved in administrative hearings with I.N.S., without stating the names of the cases.