993 F.2d 1550
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert M. SHORT, Defendant-Appellant.
 No. 92-3634.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 12, 1993.
Decided May 17, 1993.
 
 Before BAUER, Chief Judge, and EASTERBROOK, and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Attorney Frank M. Picl filed a motion pursuant to Circuit Rule 51(a) to withdraw as appointed counsel for Robert M. Short. Picl's motion and supporting brief, filed in accordance with Anders v. California, 386 U.S. 738 (1967) and United States v. Edwards, 777 F.2d 364 (7th Cir.1985), claim that the issue on appeal is without merit. The court notified Short of his attorney's motion, but he did not respond. Finding no meritorious issue for appeal, we grant counsel's motion to withdraw and dismiss the appeal as frivolous.
 
 
 2
 * Short pleaded guilty to possessing a firearm in violation of 18 U.S.C. § 922(g). With previous convictions for at least three violent felonies committed on separate occasions, he received an enhanced sentence under 18 U.S.C. § 924(e). A violent felony is "any crime punishable by imprisonment for a term exceeding one year", including "burglary". 18 U.S.C. § 924(e)(1). Short's prior offenses included two different convictions in 1978 for burglary of a Knights of Columbus Hall and a commercial building; in 1983 for residential burglary; and in 1986 for burglary of a tavern. In each instance, Short was sentenced to terms greater than a year.
 
 II
 
 3
 Before we may grant counsel's motion to withdraw under Anders, we must be satisfied that the attorney has provided his client with a diligent and thorough search of the record for any arguable claim that might support an appeal. In addition, we must determine whether counsel has concluded correctly that the appeal is frivolous. United States v. Williams, 894 F.2d 215, 217 (7th Cir.1990).
 
 
 4
 The Anders brief contains a single issue: whether nonresidential burglary is a violent felony for purposes of sentence enhancement under § 924(e). If commercial burglary does not so qualify, then Short should not have received a lengthened sentence. The cases make clear, however, that this argument will not succeed. In Taylor v. United States, 495 U.S. 575 (1990), the Supreme Court defined burglary in § 924(e) as "any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Id. at 599. It matters not, then, whether the building or structure is residential. United States v. Gallman, 907 F.2d 639, 644 (7th Cir.1990), cert. denied, 111 S.Ct. 110 (1991). See also United States v. Hope, 906 F.2d 254, 262 (7th Cir.1990) (commercial burglary qualifies as sentence-enhancing offense under § 924(e)), cert. denied, 111 S.Ct. 2841 (1991); United States v. Dombrowski, 877 F.2d 520, 530 (7th Cir.1989) (same), cert. denied, 496 U.S. 907 (1990).
 
 
 5
 Taylor and law in this circuit therefore foreclose Short's appeal. Our review reveals no other issues upon which we could base a reversal of his sentence. Accordingly, attorney Picl's motion to withdraw is GRANTED, and this appeal is DISMISSED as frivolous.