4 F.3d 997
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
RONALD A. BIONDOLINO, Defendant-Appellant.
 No. 92-3720.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 17, 1993.
Decided Aug. 30, 1993.
 
 Before MANION, ROVNER, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Ronald Biondolino pleaded guilty to the unlawful sale of migratory birds in violation of 16 U.S.C. Sec. 707(b) and to the possession of a firearm by felon in violation of 18 U.S.C. Sec. 922(g). He was sentenced to twenty-two (22) months' imprisonment on each offense to run concurrently. On appeal, Biondolino's court-appointed attorney filed a motion to withdraw and a supporting brief claiming that an appeal would be frivolous. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985).[1]
 
 
 2
 Before we may grant counsel's motion under Anders, we must be satisfied that counsel has provided his client with a diligent and thorough search of the record for any arguable claim supporting grounds for an appeal. Only if we agree with counsel's conclusion that the appeal is frivolous may we grant the motion to withdraw and dismiss the appeal. United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993); United States v. Williams, 894 F.2d 215, 217 (7th Cir.1990).
 
 
 3
 The first potential issue counsel raises is the validity of the guilty plea. Before accepting a guilty plea, the district court must address the defendant personally to determine that he knowingly, voluntarily, and intelligently made the decision to waive his rights. Boykin v. Alabama, 395 U.S. 238, 242-43, 89 S.Ct. 1709, 1711-12 (1969); United States v. Lumpkins, 845 F.2d 1444 (7th Cir.1988). Here, the district court engaged in a thorough and careful plea colloquy in compliance with Rule 11. Fed.R.Crim.P. 11. After determining Biondolino's age, educational background and mental condition, the court inquired whether any threats or promises were made to coerce his plea and whether he was satisfied with his counsel's advice. Fed.R.Crim.P. 11(d). He stated only that the government had promised to dismiss one count of the indictment for his plea to the other two counts. The government acknowledged the agreement. He also stated that he was satisfied with the assistance of counsel. Biondolino responded affirmatively when asked whether he understood the nature of the charges against him and the potential penalty involved. He also acknowledged his understanding that by pleading guilty he was waiving the right to a jury, the right to confront witnesses, and the privilege against self-incrimination. Fed.R.Crim.P. 11(C). After further inquiry, the court determined that Biondolino's plea was factually based. Fed.R.Crim.P. 11(f).
 
 
 4
 Counsel also raises the potential issue of whether the district court erred in sentencing Biondolino. Biondolino objected to a number of factual inaccuracies in the Presentence Report, which were aired in open court. As with each objection the court heard, it took testimony regarding disputed factual matters, and made specific findings resolving the objections in compliance with Fed.R.Crim.P. 32(c)(3)(D). With respect to the possession of a firearm offense, Biondolino persisted in his belief that although he committed the crime technically, he felt pressured into doing so. Particularly, he disputed that he actively sought a gun. Rather, he maintained that the undercover conservation officer kept insisting that he obtain a gun to go hunting. The court acknowledged that while Biondolino may have felt pressured, there was no evidence of entrapment. Tr. 75. Accordingly, the court resolved the issue by adopting the position of the probation officer. By pleading guilty to the offense, Biondolino is now precluded from raising the defense of entrapment. United States v. Nunez, 958 F.2d 196, 200 (7th Cir.), cert. denied, 113 S.Ct. 168 (1992).
 
 
 5
 To the extent Biondolino might challenge the refusal to depart downward pursuant to Sec. 5K2.0, this court lacks jurisdiction to review the district court's discretionary decision regarding a downward departure. United States v. Welch, 945 F.2d 1378, 1386 (7th Cir.1991), cert. denied, 112 S.Ct. 1235 (1992).
 
 
 6
 After thoroughly examining the record, we find no meritorious issues for appeal. Accordingly, we GRANT counsel's motion to withdraw and we DISMISS the appeal as frivolous.
 
 
 
 [1]
 Pursuant to Circuit Rule 51(a), Biondolino was informed of his right to respond to his attorney's motion. He has not responded