12 F.3d 1101
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry HOWARD, Defendant-Appellant.
 No. 93-2591.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 16, 1993.*
Decided Nov. 22, 1993.
 
 Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Pursuant to a written agreement, Larry Howard entered a plea of guilty to one count of conspiring to distribute cocaine in violation of 21 U.S.C. Sec. 846. After accepting the plea, the district court sentenced Howard to seventy-two months' imprisonment to be followed by four years of supervised release, and imposed a fine of $1,500. Howard's appointed counsel has filed a motion pursuant to Circuit Rule 51(a) to withdraw along with a brief supporting his belief that an appeal would be frivolous. Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). Both Howard's attorney and the court notified Howard of the motion, informing him that he could file a response raising any grounds that showed why the conviction should be set aside. Cir.R. 51(a). No such response was filed; therefore, the motion is taken on the brief of the attorney and the record. Only if we agree with counsel's conclusion that an appeal is indeed frivolous may we grant the motion to withdraw and dismiss the appeal. United States v. Williams, 894 F.2d 215, 217 (7th Cir.1990); see also United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993).
 
 
 2
 The sole issue raised by counsel in the Anders brief is the validity of the guilty plea. A guilty plea is valid unless the record reveals the defendant did not knowingly and voluntarily enter his plea. United States v. Seybold, 979 F.2d 582, 586 (7th Cir.1992); see United States v. Lumpkins, 845 F.2d 1444 (7th Cir.1988). Counsel contends that a review of the record reveals that the district court engaged in a thorough and careful plea colloquy in compliance with Rule 11.
 
 
 3
 After determining Howard's competency to plead, the district court inquired whether Howard had an opportunity to read and discuss the indictment with his attorney. Howard answered that he had and that he was satisfied with the legal representation he received. Tr. 4. Howard correctly articulated the potential sentencing range as ten years to life imprisonment but admitted his confusion with the Guidelines. Id. at 4-5. The judge explained generally the process of sentencing under the Guidelines and queried whether Howard had been promised a particular sentence. Howard responded that he had not. Id. at 10. The court then advised Howard that it was not a party to, nor bound by, the agreement; thus, Howard would not be permitted to change his plea should he be dissatisfied with the sentence imposed. Id. at 10, 19. The plea agreement and the court stated the constitutional rights which Howard was waived by pleading guilty. Id. at 22-23.
 
 
 4
 Federal Rule of Criminal Procedure 11 provides the district court with a procedure designed to ensure that a defendant knowingly, voluntarily, and intelligently made the decision to waive his rights and enter a plea of guilty. United States v. Montoya, 891 F.2d 1273, 1292 (7th Cir.1989). Under Rule 11, the district court must ensure that the defendant understands the nature of the charge against him and that the factual basis established satisfies the elements of the offense. Fed.R.Crim.P. 11(c), (f). Whether Howard understood the elements of the conspiracy offense, and whether there was a sufficient factual basis for the plea depends on whether, under the totality of the circumstances surrounding the plea, Howard was informed of exactly what he was admitting. United States v. Musa, 946 F.2d 1297, 1303 (7th Cir.1991); United States v. Ray, 828 F.2d 399, 422 (7th Cir.1987), cert. denied, 485 U.S. 964 (1988). Here, the plea agreement, which Howard acknowledged having read and understood, stated the elements of the offense which the government would be required to prove beyond a reasonable doubt. At the change of plea hearing, the government proffered detailed evidence to prove that a conspiracy to distribute cocaine existed and that Howard knowingly and intentionally participated in that conspiracy. The court addressed Howard personally to determine whether the facts which the government had summarized were accurate as they related to him. Howard responded affirmatively and further admitted that he was guilty of the offense. Tr. 19-20. Howard testified that no one had threatened or forced him to plead guilty and that no promises other than those contained in the plea agreement were made. Id. at 19-20; Fed.R.Crim.P. 11(d). The record lacks any evidence suggesting that the government failed to comply with any part of its agreement.
 
 
 5
 The court also inquired whether Howard agreed with the government that the quantity of cocaine which was reasonably foreseeable to him was between 2 to 3.5 kilograms not five or more kilograms as charged in the indictment. Tr. 18-19. Howard answered, "Yes." Id. The court agreed to the revised base offense level which reduced the minimum mandatory sentence from ten years to five years. Sent. Tr. 9, 18-21. The court also agreed to grant a two-level decrease for acceptance of responsibility, which resulted in a sentencing guideline range of 63 to 78 months.
 
 
 6
 The only objections filed to the Presentence Report (PSR) were resolved either in favor of the defendant, or specifically were not considered in determining the sentence. In compliance with Federal Rule of Criminal Procedure 32(d), the factual findings were appended to the PSR. The court also informed Howard of his right to appeal the sentence imposed. Tr. 26; Fed.R.Crim.P. 32(a)(2). If the applicable guideline range has been properly determined, we are precluded from reviewing the district court's discretionary decision to impose a sentence within that range. United States v. Beal, 960 F.2d 629, 636 (7th Cir.), cert. denied, 113 S.Ct. 230 (1992).
 
 
 7
 As a final contention, Howard might argue that the district court improperly fined him. By failing to object to the fine at sentencing, Howard has waived the issue for appeal. United States v. Rivero, 993 F.2d 620, 623 (7th Cir.1993); United States v. Blythe, 944 F.2d 356, 359 (7th Cir.1991). Even absent waiver, we cannot say that the district court clearly erred in its assessment of Howard's financial ability to pay the fine imposed or that the court abused its discretion by failing to waive the fine. In determining whether to impose a fine, the district court is required to consider several factors pursuant to 18 U.S.C. Sec. 3572(a) and U.S.S.G. Sec. 5E1.2(d) and is permitted limited discretion to impose a fine less than the Guideline range, or to waive the fine, if the defendant demonstrates his inability to pay, U.S.S.G. Sec. 5E1.2(f). United States v. Levine, No. 91-3514, slip op. at 16-18 (7th Cir. Sept. 27, 1993); United States v. Fulford, 980 F.2d 1110, 1117 (7th Cir.1992). We give due regard to the district court's determinations in sentencing and will accept the court's findings of fact unless they are clearly erroneous. 18 U.S.C. Sec. 3742(e); Fulford, 980 F.2d at 1117.
 
 
 8
 Under Sec. 5E1.2(c), the applicable fine range was $12,500 to $2,000,000. Although the PSR recommended that no immediate fine be imposed, it noted that Howard could pay a fine in installments. At the sentencing hearing, the district court found that Howard did not have the financial resources to pay a fine within the Guideline range. Consequently, the court specifically waived payment of interest on the fine and the costs of confinement under Sec. 5E1.2(i). Tr. 22-23. Fulford, 980 F.2d at 1117, n. 4. In the exercise of its discretion under Sec. 5E1.2(f), the court departed below the statutory minimum and imposed a $1,500 fine. The court ordered installment payments under the Bureau of Prisons inmate financial responsibility program, not to exceed 50% of Howard's earnings. U.S.S.G. Sec. 5E1.2(f); 18 U.S.C. Sec. 3572(d); see United States v. Ahmad, 2 F.3d 245, 248 (7th Cir.1993) (inability to pay total sum at once does not justify waiver of the fine, but may justify a lower fine or the use of installments); United States v. Turner, 998 F.2d 534, 538 (7th Cir.1993). Any remaining balance was ordered to be paid in installments while on supervised release according to a plan worked out with the probation officer. Tr. at 23.
 
 
 9
 Howard might argue that the district court gave too much discretion to the probation office for management of payment of the fine. To the extent he might rely on cases discussing orders of restitution under 18 U.S.C. Sec. 3663 where the court relinquished supervision and control over the defendant by giving total discretion for the establishment of an installment plan to the probation office, see Ahmad, 2 F.3d at 248-49; United States v. Gio, No. 92-1689, slip op. at 26 (7th Cir. Oct. 13, 1993), those cases are inapposite. As required under Sec. 3572(d), the district court here specified that the installment plan apply during incarceration and limited payment of the balance to the four-year supervised release period. Tr. 23. In the event that problems should be encountered in enforcement of the fine, by either the probation department or the defendant, the court ordered that, pursuant to 18 U.S.C. Sec. 3614, they be resolved through the court. Id.; Judgment Order at 4. Because the district court properly determined the applicable Guideline range, imposed a term of imprisonment within that range, and did not abuse its discretion in imposing a fine below the guideline range payable by installments, Howard is without grounds to appeal.
 
 
 10
 After examining the record, we find no other meritorious issues for appeal. Accordingly, we GRANT counsel's motion to withdraw and we DISMISS the appeal as frivolous.