14 F.3d 605
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff/Appellee,
v.
Raymond DAVIS, Defendant/Appellant.
 No. 93-2377.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 16, 1993.
Decided Dec. 21, 1993.
 
 Before FAIRCHILD, BAUER and MANION, Circuit Judges.
 
 ORDER
 
 1
 Pursuant to a plea agreement, Raymond Davis pled guilty to one count of conspiracy to distribute heroin in violation of 21 U.S.C. Sec. 846. He was fined $12,500 and sentenced to 70 months of imprisonment to be followed by three years of supervised release. On appeal, Davis's court-appointed appeal counsel filed a motion to withdraw and a supporting brief, claiming that any appeal would be frivolous. See Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985).[1]
 
 
 2
 Before we may grant counsel's motion, we must be satisfied that counsel has provided his client with a diligent and thorough search of the record for any arguable claim supporting grounds for an appeal. Only if we agree with counsel's conclusion that the appeal is frivolous may we grant the motion to withdraw and dismiss the appeal. United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993); United States v. Williams, 894 F.2d 215, 217 (7th Cir.1990).
 
 
 3
 For a valid guilty plea, Federal Rule of Criminal Procedure 11 requires a district court to establish that the plea is made knowingly and voluntarily. United States v. Montoya, 891 F.2d 1273, 1292 (7th Cir.1989). The district court also must ensure that the defendant understands the nature of the charge against him and that there is factual basis for the plea. Fed.R.Crim.P. 11(c), (f).
 
 
 4
 During the plea hearing, the district court engaged in a thorough and careful colloquy with Davis. He reviewed the provisions of the plea agreement and advised Davis of the consequences of the guilty plea. Additionally, Davis was apprised of the elements of the offense which he stated that he understood. Davis also agreed with the facts offered by the government and admitted committing the offense charged. Davis stated that he understood that the maximum penalty was twenty years of imprisonment, a one million dollar fine, and three years of supervised release. Acknowledging that he had not been promised an exact sentence, Davis stated his belief that his sentence would be in the lower one-third of the relevant guideline range as contemplated by the plea agreement. Davis stated that he had discussed his plea with his counsel and was fully satisfied with his counsel's representation and advice. Davis entered the guilty plea voluntarily and knowingly, and there is no appealable issue with respect to the plea.
 
 
 5
 Similarly, we agree with counsel that any challenge to Davis's sentence is frivolous. The presentence report ("PSI") recommended a base offense level of 27, including a three-level reduction for acceptance of responsibility, which put Davis at a guideline range of 70 to 87 months of imprisonment, two to three years of supervised release, and $12,500 to one million dollars of fine. No enhancement was recommended and no objection was made by Davis or his trial counsel to the PSI. Thus, any challenge to the findings in the PSI as adopted by the district court would be waived on appeal. See United States v. Caban, 962 F.2d 646, 650 (7th Cir.1992). Moreover, we discern no error in the sentence imposed. See Fed.R.Crim.P. 52(b).
 
 
 6
 The district court adopted the probation officer's recommendation of 70 months of imprisonment and three years of supervised release. Although the district court imposed a $12,500 fine that was not recommended by the PSI, the fine was within the terms of the plea agreement. Davis's counsel did not object to the imposition of the fine. Thus, to the extent appealable, the issue would be waived on appeal. See United States v. Rivero, 993 F.2d 620, 623 (7th Cir.1993); United States v. Blythe, 944 F.2d 356, 359 (7th Cir.1991). Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.
 
 
 
 [1]
 Pursuant to Circuit Rule 51(a), we informed Davis of his right to respond to his attorney's motion. Davis has not responded