16 F.3d 1226
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry GROVER, Defendant-Appellant.
 No. 93-2380.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 16, 1993.
Decided Dec. 21, 1993.
 
 Before FAIRCHILD, BAUER and MANION, Circuit Judges.
 
 ORDER
 
 1
 Pursuant to a written agreement, Jerry Grover entered a plea of guilty to one count of conspiracy to distribute five or more kilograms of cocaine in violation of 21 U.S.C. Sec. 846. After accepting the plea, the district court sentenced Grover to 151 months' imprisonment followed by five years of supervised release and imposed a fine of $2500. Grover's appointed counsel filed a notice of appeal followed by a motion to withdraw pursuant to Circuit Rule 51(a), in which he stated his belief that an appeal would be frivolous. Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). We informed Grover of his right to respond to the motion, which he did. See, Circuit Rule 51(a). Because we agree with counsel's conclusion that an appeal would be frivolous, we grant the motion to withdraw and dismiss the appeal. United States v. Williams, 894 F.2d 215, 217 (7th Cir.1990); see also United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993).
 
 
 2
 Grover asserts that his decision to plead guilty was the result of his failure to understand the nature of the conspiracy charge, his attorney's poor performance and his misinformation that the maximum sentence he could receive was 10 years. A guilty plea is valid provided the record reveals the defendant knowingly and voluntarily entered the plea. United States v. Seybold, 979 F.2d 582, 586 (7th Cir.1992), cert. denied, 113 S.Ct. 2980 (1993); see also United States v. Lumpkins, 845 F.2d 1444 (7th Cir.1988). Federal Rule of Criminal Procedure 11, which is designed to ensure that a defendant has knowingly, voluntarily, and intelligently waived his rights and entered a guilty plea, governs the procedures the court must follow in accepting the plea. Boykin v. Alabama, 395 U.S. 238 (1969); United States v. Montoya, 891 F.2d 1273, 1292 (7th Cir.1989). Compliance with Rule 11 raises a presumption that the plea is valid. Lumpkins, 845 F.2d at 1448. Our review of the record reveals that the district court complied with Rule 11 in accepting the plea, that Grover understood the nature of the charges, and that he entered his plea with full knowledge of the consequences.
 
 
 3
 The plea agreement, which Grover stated he read and understood, expressly delineated the elements of conspiracy. Fed.R.Crim.Pro. 11(c)(1). In the agreement, Grover acknowledged that he committed each of the elements. The government presented the evidence against Grover at the sentencing hearing, Fed.R.Crim.Pro. 11(f), and Grover stated that he understood the indictment and the nature of the charges against him. Tr. 10.
 
 
 4
 Grover's claim that his attorney misinformed him that the maximum sentence he would receive was 10 years is implausible. In response to the district court's inquiry at the plea hearing concerning whether Grover understood the possible sentence, Grover stated that he understood the sentence would be between 10 years and life imprisonment. Tr. 11. Also, the plea agreement informed Grover of the possible sentence. Tr. 20. Grover stated that his decision was not the result of force, threats or promises apart from the plea. Fed.R.Crim.Pro. 11(d); Tr. 17. Finally, the court directly explained to Grover that his sentence had not yet been determined and it could not until the presentence investigation (P.S.I.) had been presented. Tr. 15, 17-18. Thus, the record reflects that Grover had full knowledge that the minimum sentence the court could give him would be 10 years.
 
 
 5
 To the extent Grover claims that his plea was the result of his counsel's ineffective assistance, he may raise it in a motion to vacate, set aside or correct the conviction under 28 U.S.C. Sec. 2255. See Guinan v. United States, No. 92-2832, slip op. at 3-4 (7th Cir. Sept. 30, 1993); United States v. Taglia, 922 F.2d 413, 418 (7th Cir.), cert. denied, 111 S.Ct. 2040 (1991). If he files a Sec. 2255 motion, Grover must be prepared to support his claims with evidence. He will face a heavy burden in rebutting the presumption that counsel's performance was effective. United States v. Booker, 981 F.2d 289, 292 (7th Cir.1992). See also Barker v. United States, No. 91-1746, 91-1956, slip op. at 7 (7th Cir. Oct. 15, 1993) (holding that an attorney's miscalculation of the possible sentence a defendant may receive alone is not ineffective assistance of counsel).
 
 
 6
 With regard to the sentence imposed, we find no errors in the district court's computation and no violation of Federal Rule of Criminal Procedure 32. The district court adopted the conclusions reached in the P.S.I. Tr. 5. Grover pleaded guilty to an offense placing him in level 34, 2 points were subtracted for acceptance of responsibility, and his criminal history put him in Category III. Tr. 5. The applicable sentencing range was 151-188 months and the district court chose the lowest possible sentence. The fact that Grover received a longer sentence than a co-conspirator who played a more significant role does not provide a basis for appeal. United States v. Guerrero, 894 F.2d 261, 267-68 (7th Cir.1990). Although Grover objected to the information in the P.S.I., that the felony in his criminal history was actually a misdemeanor and that his family history was irrelevant, that information either had no effect on his sentence or was not considered by the district court. Fed.R.Crim.Pro. 32(a)(1); Tr. 3-5, 5-6. The court allowed Grover to add any comments and informed him of his right to appeal the sentence. Fed.R.Crim.Pro. 32(a)(1), (2); Tr. 7, 10.
 
 
 7
 Because we find no meritorious issues for appeal, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.