16 F.3d 1222
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Vincent LEWIS, Defendant-Appellant.
 No. 93-5492.
 United States Court of Appeals, Sixth Circuit.
 Feb. 15, 1994.
 
 Before: MILBURN and BOGGS, Circuit Judges, and MILES, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Vincent P. Lewis appeals the sentence imposed by the district court following his guilty plea to one count of conspiracy to possess with intent to distribute cocaine and marijuana in violation of 21 U.S.C. Sec. 841(a) and 21 U.S.C. Sec. 846. On appeal, the issue is whether the district court committed clear error in increasing defendant's base offense level for possession of a dangerous weapon pursuant to Sec. 2D1.1(b)(1) of the United States Sentencing Commission Guidelines ("Guidelines"). For the reasons that follow, we affirm.
 
 I.
 A.
 
 2
 On February 27, 1992, the Shelby County, Tennessee, Sheriff's Department Narcotics Unit received information that Trinika McFarland would be traveling from Miami, Florida, in a burgundy Buick Regal and that 2 kilograms of cocaine would be present in a side panel of the automobile. Later that day, police officials observed the Buick Regal in the vicinity of Memphis, Tennessee. After stopping the vehicle, the police officers advised the occupants, one of them being Trinika McFarland, of their constitutional rights. Trinika McFarland then gave the police officials a signed consent to search the automobile.
 
 
 3
 In addition to finding cash, 2.3 kilograms of cocaine, and 5.4 kilograms of marijuana, the police officials found inside the panel of the left rear door a Cobray M-11/9 millimeter semiautomatic pistol with an empty ammunition magazine. The police officials also found in the side panel of the right rear door a 9 millimeter ammunition clip which contained two live rounds. The police officials arrested Trinika McFarland and transported her to the Shelby County Sheriff's Department Narcotics Office.
 
 
 4
 After being advised of her constitutional rights for the second time, Trinika McFarland stated to police officials that she and defendant Vincent P. Lewis originally drove the Buick Regal to Miami, Florida, and that she drove the automobile back to Tennessee for defendant. Trinika McFarland also stated that defendant was paying her $1,500 to transport a pistol to Memphis, Tennessee. Trinika McFarland also stated, however, that she "did not know anything about the cocaine or marijuana." J.A. 18.[1]
 
 B.
 
 5
 A three-count indictment was subsequently filed in the district count on March 17, 1992. Count 1 charged defendant Lewis and Trinika McFarland with conspiracy to possess with intent to distribute cocaine and marijuana in violation of 21 U.S.C. Sec. 841(a) and 21 U.S.C. Sec. 846; count 2 charged defendant Lewis and Trinika McFarland with possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a) and 18 U.S.C. Sec. 2; and count 3 charged defendant Lewis and Trinika McFarland with possession with intent to distribute marijuana in violation of 21 U.S.C. Sec. 841(a) and 18 U.S.C. Sec. 2. On October 27, 1992, an agreement was reached wherein defendant Lewis pled guilty to count 1, and the government agreed to move to dismiss counts 2 and 3 at sentencing.
 
 
 6
 A presentence investigation report prepared on December 30, 1992, suggested an increase in defendant Lewis' base offense level by two levels pursuant to U.S.S.G. Sec. 2D1.1(b)(1), based on the fact that a dangerous weapon was possessed. Defendant objected to the increase in his base offense level pursuant to Sec. 2D1.1(b)(1) prior to and at the sentencing hearing, arguing that it was improbable and not foreseeable that an unloaded firearm would be used in the drug related offense. The district court rejected this argument, finding that the increase in defendant's base offense level was proper under Sec. 2D1.1(b)(1), and sentenced defendant to 87 months in prison to be followed by a supervised release period of four years. This timely appeal followed.
 
 II.
 
 7
 Because defendant Lewis does not challenge the factual findings of the district court, but instead challenges the application of those facts to the Guidelines, we review the record de novo. United States v. Garner, 940 F.2d 172, 174 (6th Cir.1991). Section 2D1.1(b)(1) of the Guidelines directs a sentencing court to increase a defendant's base offense level by two levels "[i]f a dangerous weapon (including a firearm) was possessed." Despite the strict language of the Guidelines, however, we have never held that Sec. 2D1.1(b)(1) automatically applies once the government establishes that a dangerous weapon was possessed. Garner, 940 F.2d at 175. Rather, we have adopted a two-part analysis to determine whether a sentence enhancement under Sec. 2D1.1(b)(1) is appropriate.
 
 
 8
 Initially, the government must establish by a preponderance of the evidence that the defendant was in possession of a weapon during the commission of an offense. To satisfy this burden, the government need not establish in all cases that a defendant himself actually possessed the firearm. United States v. Williams, 894 F.2d 208, 211 (6th Cir.1990). Instead, where, as here, the offense committed is part of a conspiracy, the government need only show that a member of the conspiracy possessed the firearm and that the member's possession was reasonably foreseeable by other members of the conspiracy. United States v. Medina, 992 F.2d 573, 592 (6th Cir.1993), petition for cert. filed, 62 U.S.L.W. 3321 (U.S. Oct. 18, 1993) (No. 93-607) and --- U.S.L.W. ---- (U.S. Oct. 25, 1993) (No. 93-6639).
 
 
 9
 Once the government has met its burden, a presumption arises that such possession of a dangerous weapon was connected to the offense. A defendant then may rebut that presumption by presenting evidence to show that it was clearly improbable that the dangerous weapon was connected to the offense. United States v. Sanchez, 928 F.2d 1450, 1460 (6th Cir.1991) (citing U.S.S.G. Sec. 2D1.1 comment. (n. 3)). If a defendant presents sufficient evidence in rebuttal, Sec. 2D1.1(b)(1) is rendered inapplicable.
 
 
 10
 The government satisfied its initial burden of proving that a member of the conspiracy possessed a firearm during the commission of the drug offense. It is undisputed that a Cobray M-11/9 millimeter semiautomatic pistol was found in the automobile which Trinika McFarland, a member of the conspiracy, was occupying at the time of arrest. A person is in possession for purposes of Sec. 2D1.1(b)(1) if he actually possesses the object, if he has control over the item itself, or if he has dominion over the premises where the object is located. United States v. Snyder, 913 F.2d 300, 304 (6th Cir.1990), cert. denied, 498 U.S. 1039 (1991). Here, Trinika McFarland exercised control over the pistol, given the fact that at the time of the arrest the pistol was located in a side panel of the automobile and that she was aware that the pistol was located there.
 
 
 11
 Defendant's reliance on United States v. Williams (a case he cites as 894 F.2d 215 (7th Cir.1990), but which he probably meant to cite as 894 F.2d 208(6th Cir.1990), given the description in his brief) is unavailing. In that case, this court reversed the district court's application of Sec. 2D1.1(b)(1), concluding that the district court abused its discretion in inconsistently applying the weapons possession enhancement to several co-conspirators without explaining why the enhancement was applicable in some cases but not in others. Although defendant correctly notes that in contrast to this case, the weapon at the time of arrest in Williams was loaded and was located at the feet of an individual accompanying a co-conspirator, those facts were not material to our conclusion. Furthermore, we have held that Sec. 2D1.1(b)(1) is not rendered inapplicable simply because a firearm is not loaded, United States v. Chalkias, 971 F.2d 1206, 1216-17 (6th Cir.), cert. denied, 113 S.Ct. 351 (1992), or because it is not readily accessible at the time of recovery, United States v. McGhee, 882 F.2d 1095, 1099 (6th Cir.1989).
 
 
 12
 The government also satisfied its burden in establishing that Trinika McFarland's possession of the pistol was reasonably foreseeable to other members of the conspiracy. Defendant Lewis argues that it was not reasonably foreseeable that the pistol would be used in the commission of the offense because Trinika McFarland was unaware that she was transporting drugs. Defendant's focus on whether it was reasonably foreseeable that the pistol would be used, however, is misplaced. Application of Sec. 2D1.1(b)(1) does not "depend on showing that the defendant used the firearm or would have used the firearm to advance the commission of the underlying drug offense." United States v. Burke, 888 F.2d 862, 869 (D.C.Cir.1989). Rather, the relevant inquiry under Sec. 2D1.1(b)(1) is whether it was reasonably foreseeable "to a defendant that his coconspirator would possess a gun in connection with their drug trafficking." United States v. Perkins, 994 F.2d 1184, 1192 (6th Cir.) (emphasis added), cert. denied, 114 S.Ct. 279 (1993). In this case, it was reasonably foreseeable to defendant Lewis that Trinika McFarland would possess a gun during the commission of the conspiracy in light of the fact that he was aware that Trinika McFarland was transporting the pistol from Miami, Florida, to Tennessee.
 
 
 13
 Defendant Lewis failed to rebut the presumption arising from the government's proof. The facts in this case do not resemble those in United States v. Garner, 940 F.2d 172 (6th Cir.1991), wherein this court held that it was clearly improbable that the gun found in the defendant's home was connected with the drug offense. In that case, the gun was an antique style single shot gun which, we observed, ordinarily is not the type of firearm associated with drug activity. Id. at 175. Moreover, we noted that no ammunition was located near the gun and that "the gun was locked in a safe which neither contained any indicia of drug paraphernalia nor was located within sufficient proximity to raise an inference of relatedness." Id. In contrast, the firearm in this case was a semiautomatic weapon, a type of weapon often used with drug activity. Chalkias, 971 F.2d at 1216. Moreover, in close proximity to the pistol were ammunition and the drugs. These factors undermine any argument by defendant that it is clearly improbable that the pistol was connected to the drug offense. Accordingly, we conclude that enhancing defendant's base offense level by two levels pursuant to Sec. 2D1.1(b)(1) was proper.
 
 III.
 
 14
 For the reasons stated, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Wendell A. Miles, Senior United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 The facts stated are based on the presentence investigation report prepared by a United States Probation Officer in Memphis, Tennessee. Under Administrative Order 88-1, which establishes sentencing procedures for criminal cases in the United States District Court for the Western District of Tennessee, "[i]f a party reasonably disputes ... facts [contained in the presentence investigation report] material to sentencing ... it is the obligation of the complaining party to communicate such objection or request in writing to the Probation Office and to seek administrative resolution of such ... facts through opposing counsel and the United States Probation Office." J.A. 39. At no time has either party disputed the facts at issue