36 F.3d 1099
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory S. ROBINSON, Defendant-Appellant.
 No. 93-4013.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 9, 1994.
Decided Aug. 11, 1994.
 
 Before POSNER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 After a jury trial, Gregory Robinson was convicted of possession with intent to distribute a total of 2.7 grams of crack (cocaine) in violation of 21 U.S.C. Sec. 841(a)(1). Robinson was sentenced to thirty-seven months' imprisonment to be followed by five years of supervised release. Due to Robinson's employability and financial profile the court ordered Robinson to pay $350 restitution, but found that he was unable to pay a fine in addition to restitution. Believing that an appeal would be frivolous, Robinson's appointed counsel filed a notice of appeal followed by a motion to withdraw pursuant to Circuit Rule 51(a). Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). We informed Robinson of his right to respond, which he did, claiming that the evidence was insufficient to support a conviction and his counsel was ineffective. See Circuit Rule 51(a). Having reviewed the trial transcript and the record, we agree that an appeal would be frivolous and grant the motion to withdraw. United States v. Williams, 894 F.2d 215, 217 (7th Cir.1990); see also United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993).
 
 
 2
 "A defendant attempting to overturn a conviction on the grounds of insufficient evidence bears a heavy burden." United States v. Koen, 982 F.2d 1101, 1105 (7th Cir.1992). A conviction will not be overturned where the evidence when viewed in the light most favorable to the government establishes that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The elements that must be established to support a conviction under Sec. 841(a)(1) are that the defendant 1) knowingly or intentionally possessed cocaine; 2) possessed cocaine with the intent to distribute it; and 3) knew the cocaine was a controlled substance. United States v. Durades, 929 F.2d 1160, 1168 (7th Cir.1991).
 
 
 3
 In this case, a paid confidential informant testified that on two occasions he purchased cocaine from Robinson with money provided by the government. Two government witnesses testified that they observed through surveillance the confidential informant's entry into or arrival at Robinson's residence and his departure therefrom, after which he produced the cocaine Robinson sold him. On both occasions the confidential informant and his vehicle were searched immediately prior to and after the transactions involved. Inspector Lael testified that during the second transaction he observed Robinson give the cocaine to the confidential informant in front of Robinson's residence. Inspector Lael also testified that Robinson followed the confidential informant to the vehicle in which Inspector Lael was seated. The confidential informant handed the cocaine to Inspector Lael and Robinson then offered to provide Inspector Lael with cocaine in the future. The jury reasonably could have concluded from this evidence that Robinson was guilty beyond a reasonable doubt of possession of cocaine with intent to distribute it. Robinson cannot meritoriously argue that because the confidential informant was a professional "snitch," his testimony was incredible and without it there was insufficient evidence to convict. The jury's decision to credit witnesses' testimony may not be disturbed on appeal. United States v. Maholias, 985 F.2d 869, 874 (7th Cir.1993).
 
 
 4
 We hesitate to determine whether there is merit to Robinson's claim that he was denied the effective assistance of counsel as the record on appeal is insufficient for such a determination. Guinan v. United States, 6 F.3d 468 (7th Cir.1993); United States v. Taglia, 922 F.2d 413 (7th Cir.), cert. denied, 111 S.Ct. 2040. However, we note that we have not discerned any irregularities in Robinson's trial or in the district court's evidentiary rulings. Although Robinson's trial did not commence until more than seventy days after the indictment, the record indicates that the time under the Speedy Trial Act was tolled when the district court granted the government's request for a continuance with Robinson's consent.
 
 
 5
 Robinson made no objections to the factual findings contained in the pre-sentence report and therefore the district court adopted them. His offense level under the United States Sentencing Guidelines was 20 and his criminal history was category I. Therefore, Robinson's guideline range was properly determined to be between thirty-three and forty-one months, and the sentence imposed by the court was within its discretion. United States v. Beal, 960 F.2d 629, 636 (7th Cir.), cert. denied, 113 S.Ct. 230 (1992).
 
 
 6
 We find no nonfrivolous issues that could be raised on appeal and therefore counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.